UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CRIMINAL ACTION NO. 05-04-DLB

UNITED STATES OF AMERICA,                                                                 PLAINTIFF,

V.              **MAGISTRATE JUDGE'S REPORT
                 AND RECOMMENDATION**

RONALD LEE BARDO,                                                                          DEFENDANT.

  This matter was assigned to the undersigned Magistrate Judge for a hearing pursuant to a Petition for Warrant or Summons for Offender Under Supervision, filed by the United States Probation Office. A final revocation hearing was held on June 12, 2007. At said hearing, Defendant was present and represented by counsel, Hon. Patrick Nash. The United States was represented by Assistant United States Attorney Robert M. Duncan, Jr. United States Probation Officer Brandan Hall was also present.

  At the hearing, the Defendant stipulated to Counts two through five (2-5) contained in the petition and chose to remain silent as to Count 1. As to Count 1, both parties stipulated that if called, Mr. Brandan Hall's testimony would be as that contained in the petition and that the Court should take the matter into consideration and decide accordingly. The Defendant further stipulated that, as it concerned Counts 2-5, the petition set forth the necessary evidence to establish the violations to which he was stipulating. The Magistrate Judge, being fully advised, and after determining the voluntariness and factual basis of the stipulations and agreement, makes the following proposed Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT**

(1)  On July 7, 2005, the Defendant, pursuant to a plea of guilty to passing a counterfeit Federal Reserve Note, was sentenced to time served (which was four (4) months) and three (3) years of supervised release by United States District Judge David L. Bunning in the Eastern District of Kentucky.

(2)  On August 1, 2006, the Defendant assisted Butch Bryant, Misty Elliott and Christy Elliott in making contact with Defendant's uncle for the purpose of purchasing marijuana. For his assistance, Defendant was paid $100. That same day, while meeting with probation officers, Defendant admitted to the aforementioned violations.

(3)  In 2006, Defendant's supervision was transferred from the Eastern District of Kentucky to the Southern District of Ohio. In July 2006, Defendant left the Southern District of Ohio and traveled to Logan, West Virginia without the permission of a probation officer.

(4)  Also in July 2006, the Defendant traveled to Ashland, Kentucky, where he picked up Christy Elliott and drove her to Lexington, Kentucky. Defendant did not obtain permission from probation officers to make these trips.

(5)  In August 2006, Defendant traveled to the state of Mississippi without permission, where he remained until he was arrested and returned to this district.

(6)  On May 2, 2006, Defendant submitted a false monthly supervision report to probations officers. In that report, Defendant represented to officers that he had no contact anyone who had a criminal record when he had in fact been in contact with Willard Elliott. Elliott was a co-defendant and at the time was a fugitive from federal and Ohio authorities. Defendant admitted to probation officers these facts during the August 1, 2006 meeting. During that meeting, Defendant

was instructed by probation officers to report to them on August 4, which he did not do. Defendant was also verbally questioned about contact with Willard Elliott on May 2, 2006 and denied any contact at that time, when he had in fact been in contact with him.

(7) Also, on April 15 and July 4, 2006, Defendant had unauthorized contact with Willard Elliott, knowing that Elliott was a fugitive from federal and state authorities. Defendant admitted to this contact during the August 1, 2006 meeting with probation officers.

## **CONCLUSIONS OF LAW**

The above stipulations and report prove, by clear and convincing evidence, that the Defendant has violated the following conditions of his supervision:

1. The defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.

2. The defendant shall not leave the judicial district without permission of the Court or probation officer.

3. The defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.

4. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

5. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

The most serious of these violations is a Grade A violation. Pursuant to Guideline §7B1.3(a)(1), "[u]pon a finding of a Grade A or B violation, the court shall revoke probation or supervised release."

Pursuant to Guideline §7B1.4(a), should the Court revoke Defendant's probation or

supervised release based on a Grade A violation and a criminal history category of "I," the period of imprisonment would be twelve (12) to eighteen (18) months. The maximum term of imprisonment, however, would be not more than sixty (60) months. See 18 U.S.C. § 3583(e)(3). These Guidelines are advisory in nature, however, and are to be considered by the District Judge along with all relevant factors in exercising his sentencing discretion.

During the revocation portion of the hearing, the Defendant exercised his right of allocution, and the Court heard, through Defendant's attorney, arguments on his behalf. [See R. 117.] Defendant's attorney noted the Defendant's difficult childhood and instances of child abuse and early addiction to drugs. Since then, Defendant has attended all treatment sessions and to date has not tested positive for drug use. It was also noted that Defendant is a skilled carpenter, has maintained steady employment and has a minimal criminal record. Defendant also assisted in the capture of Willard Elliott and only left for Mississippi in order to obtain work as a carpenter rebuilding areas of that state affected by Hurricane Katrina. Defendant was arrested for his supervised release violation when he was pulled over for a traffic violation while on his way to work.

## **RECOMMENDATION**

IT IS THEREFORE RECOMMENDED as follows:

(1)  That Defendant be found to have violated the terms of his supervised release, as set forth in all five (5) counts of the petition filed by the United States Probation Office;

(2)  That Defendant's term of probation be revoked;

(3)  That the Defendant be sentenced to a term of imprisonment of 12 months and one (1) day.

Specific objections to this Report and Recommendation must be filed within ten days from

the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed June 18, 2007.

Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge